JD:MTK/KTF
F. #201600614

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

GILBERTO MUNDO,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**To Be Filed Under Seal**

COMPLAINT AND AFFIDAVIT IN
SUPPORT OF APPLICATION FOR
ARREST WARRANT

(21 U.S.C. § 846)

17-M-155

EASTERN DISTRICT OF NEW YORK, SS:

      GINO X. IZZO, being duly sworn, deposes and says that he is a Task Force Officer with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

      1.     Upon information and belief, in or about and between April 2016 and February 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GILBERTO MUNDO, together with others, did knowingly and willfully conspire to possess with intent to distribute a controlled substance, which offense involved a substance containing a detectable amount of anabolic steroids, a Schedule III controlled substance, in violation of 21 U.S.C. § 841(a)(1).

      (Title 21, United States Code, Section 846)

## **INTRODUCTION**

The source of your deponent's information and the grounds for his belief are as follows:

2.    I am a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), and have been involved in the investigation of numerous cases involving narcotics conspiracies and money laundering. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file, and reports of other law enforcement officers involved in the investigation.

3.    Except as explicitly set forth below, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts of which I learned from other law enforcement agents. Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest the defendant GILBERTO MUNDO, I have not set forth each and every fact learned during the course of this investigation. Instead, I have set forth only those facts that I believe are necessary to establish probable cause for the arrest warrant sought herein. In addition, where the contents of documents, or the actions, statements and conversations of others are reported herein, they are reported in sum and substance and in part, except where otherwise indicated. Summaries of recorded conversations are based upon draft transcripts of these conversations, which are subject to revision.

## **PROBABLE CAUSE**

4. In or about March 2016, the DEA received information from a confidential source (CS-1)[1] that a Nevada based company named "Live Well Pharmaceuticals Inc." ("Live Well") was selling illicit anabolic steroids. CS-1 stated that the defendant GILBERTO MUNDO was an employee of Live Well which was owned and operated by a co-conspirator known to CS-1 ("CC-1"). A review of DEA records revealed that Live Well was not licensed to distribute anabolic steroids in the United States, a schedule III controlled substance.

5. On or about March 23, 2016, MUNDO asked CS-1 to participate in a three-way call with MUNDO and CC-1. During that recorded call, CC-1 stated, in sum and substance, that CS-1 should speak directly to MUNDO if he was interested in purchasing large amounts of anabolic steroids. CC-1 also stated, in sum and substance, that MUNDO could provide the steroids in labeled or unlabeled bottles.

**The Purchase of Illicit Anabolic Steroids from Mundo and Live Well**

6. On or about and between April 14, 2016 and April 21, 2016, at the direction of the DEA, CS-1 engaged in text messages with the defendant GILBERTO MUNDO regarding the purchase of steroids. CS-1 agreed to purchase 100 bottles of steroids from MUNDO and Live Well in exchange for $3,535.00. On or about April 21, 2016, the

---

[1] In January 2015, CS-1 pleaded guilty to a narcotics offense in Essex County, New Jersey. His sentencing is being held in abeyance throughout the duration of his cooperation with the DEA. CS-1 is working with the DEA in an effort to receive a reduced sentence for this offense. In 2003, CS-1 was previously convicted of Assault in the 3rd Degree in violation of New York Penal Law 120.00.

DEA, acting on behalf of CS-1, deposited $3,535.00 in DEA funds into MUNDO's bank account.

7. On or about April 25, 2016, the DEA received a Priority Mail package from the United States Postal Service ("USPS") containing 100 bottles of steroids from Live Well. The return address on the package was "LWP Inc., 10120 S. Eastern Avenue, Suite 200, Henderson, Nevada 89052." The steroid bottles contained in the package were affixed with the label "Live Well Pharmaceuticals Sustanon 250-10ml" and "Live Well Pharmaceuticals Testosterone Cypionate 300mg." The bottles subsequently tested positive for anabolic steroids.[2]

8. On or about and between August 20, 2016 and August 24, 2016, at the direction of the DEA, CS-1 engaged in text messages with the defendant GILBERTO MUNDO regarding the purchase of steroids. CS-1 agreed to purchase 100 bottles of steroids from MUNDO and Live Well in exchange for $3,500.00. On or about August 24, 2016, the DEA, acting on behalf of CS-1, deposited $3,500.00 in DEA funds into MUNDO's bank account.

9. On or about August 25, 2016, the DEA received a Priority Mail package from the USPS containing 100 bottles of steroids from Live Well. The return address on the package was "LWP Inc., 10120 S. Eastern Avenue, Suite 200, Henderson, Nevada 89052." The steroid bottles contained in the package were affixed with the label

---

[2] The anabolic steroids ordered by CS-1 in April 2016 and August 2016 have tested positive for the presence of anabolic steroids.

4

"Live Well Pharmaceuticals Sustanon 250" and "Live Well Pharmaceuticals Testosterone Cypionate 300mg."

10. On or about and between January 28, 2016 and February 2, 2017, at the direction of the DEA, CS-1 engaged in text messages with the defendant GILBERTO MUNDO regarding the purchase of steroids. CS-1 agreed to purchase 100 bottles of steroids from MUNDO and Live Well in exchange for $3,500.00. On or about February 2, 2017, the DEA, acting on behalf of CS-1, deposited $3,500.00 in DEA funds into MUNDO's bank account.

11. On or about February 2, 2017, the DEA received a Priority Mail package from the USPS containing 100 bottles of steroids from Live Well. The return address on the package was "LWP Inc., 10120 S. Eastern Avenue, Suite 200, Henderson, Nevada 89052." The steroid bottles contained in the package were affixed with the label "Live Well Pharmaceuticals Testosterone Cypionate 300mg" and "Live Well Pharmaceuticals Testosterone Enanthate."

12. I request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence and change patterns of behavior.

WHEREFORE, your deponent respectfully requests that an arrest warrants be issued so that the defendant GILBERTO MUNDO may be dealt with according to law.

Dated: Brooklyn, New York
February 17, 2017

_____
GINO X. IZZO
Task Force Officer
Drug Enforcement Administration

Sworn to before me this
17th day of February, 2017

_____
THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK