

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KTF
F. #2016R00614

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 3, 2020

By ECF

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Gilberto Mundo
               Criminal Docket No. 17-125 (LDH)

Dear Judge DeArcy Hall:

      The government respectfully submits this letter in advance of the defendant Gilberto Mundo's sentencing on his violation of supervised release, which is scheduled for March 17, 2020 at 2:00 p.m. On May 17, 2019, Your Honor sentenced the defendant to five years' probation following his guilty plea pursuant to a plea agreement to one count of conspiracy to distribute anabolic steroids, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(E)(i). For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 18 months' imprisonment, consistent with the recommendation of the Probation Department.

I.    Background

      Many of the facts herein are taken from the defendant's Pre-Sentence Investigation Report ("PSR"), which accurately set forth the defendant's original offense conduct. From approximately July 2015 to April 2016, the defendant worked as a salesman for Wellness Fitness & Nutrition Network ("WFN"), a website that illegally sold and distributed anabolic steroids across the United States and abroad. PSR ¶¶ 4-5, 11, 30. In that role, the defendant sold anabolic steroids to his client base, including an undercover agent, notwithstanding the fact that the vast majority of the drugs provided by the defendant lacked the requisite medical prescription.

      More than 60,000 units of anabolic steroids were seized from the WFN shipping facility on the date of the defendant's arrest, and many more steroids were sold over the course of the conspiracy. Id. ¶ 30. Therefore, the defendant (as well as the other members of the conspiracy) was responsible for distributing over 60,000 units of anabolic

steroids during the course of the conspiracy, which is the maximum drug quantity threshold contemplated by the Guidelines. See USSG §§ 2D1.1(a)(5) and (c)(10).

On May 17, 2019, Your Honor sentenced the defendant to five years' probation following his guilty plea pursuant to a plea agreement to one count of conspiracy to distribute anabolic steroids, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(E)(i). On November 13, 2019, the Probation Department conducted a search of Mundo's residence and gym area of his apartment building. During the search, the Probation Department seized numerous items including large amounts of vials which later tested positive for anabolic steroids; four cell phones; several credit cards in names of other individuals; $20,680 cash; bank receipts containing large wire transactions to Las Vegas, Nevada; and various paraphernalia such as needles and syringes. The quantity of steroids, combined with the multiple phones and large amount of cash, indicate that the steroids were being distributed to others and not simply maintained illegally for personal use.

On January 23, 2020, the defendant entered a plea of guilty as to charges Two and Three of the violation report, which charged the defendant as follows:

Charge Two:

Between May 17, 2019 and November 13, 2019, Mundo violated the following mandatory condition of supervision: *"You must not unlawfully possess a controlled substance."* Specifically, Mundo possessed anabolic steroids.

Charge Three:

On October 15, 2019, Mundo violated the following mandatory condition of supervision: *"You must refrain from any unlawful use of a controlled substance."* Specifically, Mundo submitted a urine test which tested positive for steroids.

II. Guidelines Calculation

Charge One is a grade A violation pursuant to U.S.S.G. 7B1.1(a)(1). Since a criminal history category of I was found applicable at the original sentencing, the custody term for the violation is 12 to 18 months per U.S.S.G. 7B1.4(a).

Charge Three is a grade C violation pursuant to U.S.S.G. 7B1.1(a)(3). Since a criminal history category of I was found applicable at the original sentencing, the custody term for the violation is 3 to 9 months per U.S.S.G. 7B1.4(a).

III. Analysis and Conclusion

The government respectfully submits that a sentence of 18 months' imprisonment, followed by three years' supervised release, as recommended by the Probation Department, is appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

The recommended sentence reflects the seriousness of the defendant's recidivism. The Court imposed a well-below Guidelines sentence at the defendant's May 2019 sentencing on the basis that he had reformed, was repentant, and was making strides in his education. This was despite the fact that the defendant had a previous conviction in the U.S. District Court for the Southern District of New York for distributing anabolic steroids. Even though he was given a very generous second chance by Your Honor, the defendant continued leading a criminal lifestyle and engaging in precisely the conduct that led to his arrest in the first place.

The recommended sentence will also serve the goal of both specific and general deterrence. An 18-month term of imprisonment is meaningful punishment that, hopefully, will deter the defendant from reoffending, since a probationary term was clearly insufficient to have that effect. In addition, the recommended sentence will serve the goal of general deterrence because others who are tempted to reoffend will see that the consequences of such conduct include the imposition of a meaningful prison sentence.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:  /s/
Kaitlin T. Farrell
Genny Ngai
Assistant U.S. Attorneys
(718) 254-7000

cc: Johanna Zapp, Esq. (by ECF)
Clerk of Court (LDH) (by ECF)